HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ANTHONY FREY, individually, and on behalf of all others similarly situated, and JAMES HEWETT, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>3PD, Inc., a Georgia corporation,<br><br>　　　Defendant. | **No. C-08-0630-JCC**<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE**<br><br>**NOTED FOR CONSIDERATION:**<br>October 18, 2010 |

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA  94111
TEL. 415-788-4220 • FAX 415-788-0161

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................ 1

II.    PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT............................... 2

    A.     Legal Standards for Preliminary Approval ............................................................... 2

    B.     Summary of the Litigation ........................................................................................ 4

    C.     Summary of the Terms of the Proposed Settlement ................................................. 6

    D.     The Proposed Settlement Falls Well Within the Appropriate Range and Warrants Preliminary Approval by the Court........................................................................... 8

    E.     Conditional Certification of the Settlement Class Is Appropriate ............................ 9

        1.     The Requirements of Rule 23(a) Are Satisfied............................................. 9

            i.     There Are Questions of Law and Fact Common to the Class.......... 10

            ii.    The Class Is So Numerous that Joinder of All Members Is Impracticable.................................................................................... 10

            iii.   The Claims of the Representative Plaintiffs Are Typical of the Claims of the Class......................................................................... 11

            iv.    The Representative Plaintiffs and Their Counsel Will Fairly and Adequately Protect the Interests of the Class................................... 11

        2.     Certification Under Rule 23(b)(3) Is Appropriate ...................................... 12

            i.     Questions of Law and Fact Common to Class Members Predominate Over Questions Affecting Individual Members............................... 13

            ii.    A Class Action Is Superior to Other Available Methods for Fairly and Efficiently Adjudicating the Controversy ....................................... 13

    F.     The Proposed Class Notice Satisfies Due Process and Should Be Approved ......... 13

III.   CONCLUSION.................................................................................................................. 14

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                                   i

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

# TABLE OF AUTHORITIES

**Cases**

*Armstrong v. Bd. of School Directors*
    616 F.2d 305 (7th Cir. 1980) ............................................................................................ 3, 8

*Baxter v. Morningside, Inc.*
    10 Wash.App. 893, 521 P.2d 946 (1974) ............................................................................ 10

*Chun-Hoon v. McKee Foods Corp.*
    2006 WL 3093764 (N.D. Cal. Oct. 31, 2006) ..................................................................... 13

*Churchill Village LLC v. Gen. Elec.*
    361 F.3d 566 (9th Cir. 2004) ................................................................................................ 3

*Clark v. Bonded Adjustment Co., Inc.*
    204 F.R.D. 662 (E.D. Wash. 2002) .................................................................................... 12

*Class Plaintiffs v. City of Seattle*
    955 F.2d 1268 (9th Cir. 1992), *cert. denied* 506 U.S. 953 (1992) ..................................... 2

*Collins v. Thompson*
    679 F.2d 168 (9th Cir. 1982) ................................................................................................ 3

*Felzen v. Andreas*
    134 F.3d 873 (7th Cir. 1998) ................................................................................................ 3

*Freedman v. Louisiana-Pac. Corp.*
    922 F.Supp. 377 (D. Or. 1996) ............................................................................................. 9

*Garrison v. Asotin Cnty.*
    251 F.R.D. 566 (E.D. Wash. 2008) .................................................................................... 10

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) ...................................................................................... passim

*In re Medical X-Ray Film Antitrust Litig.*
    1997 WL 33320580 (E.D.N.Y., Dec. 26, 1997) ................................................................... 3

*In re Pacific Enterprises Sec. Litig.*
    47 F.3d 373 (9th Cir. 1995) .................................................................................................. 8

*Lerwill v. Inflight Motion Pictures, Inc.*
    582 F.2d 507 (9th Cir. 1978) .............................................................................................. 11

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                                    ii

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

*Linney v. Cellular Alaska P'ship*
   151 F.3d 1234 (9th Cir. 1998) ............................................................................................ 3

*Mendoza v. Tucson Sch. Dist. No. 1*
   623 F.2d 1338 (9th Cir. 1980) ............................................................................................. 3

*Officers for Justice v. Civil Service Comm. of the City and County of San Francisco*
   688 F.2d 615 (9th Cir. 1982) ........................................................................................... 3, 8

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*
   323 F. Supp. 364 (E.D.Pa. 1970) ........................................................................................ 3

*Rosario v. Livaditis*
   963 F.2d 1013 (7th Cir. 1992) ........................................................................................... 11

*Ruiz v. Affinity Logistics Corp.*
   697 F.Supp.2d 1199 (S.D. Cal. March 22, 2010) ............................................................... 4

*Smith v. Cardinal Logistics Mgmt. Corp.*
   2008 WL 4156364 (N.D. Cal. Sep. 5, 2008) .................................................................... 13

*Torrisi v. Tuscan Elec. Power Co.*
   8 F.3d 1370 (9th Cir. 1993), *cert. denied*, 512 U.S. 1220 (1993) ................................. 3, 14

*Van Bronkhorst v. Safeco Corp.*
   529 F.2d 943 (9th Cir. 1976) ............................................................................................... 2

*Welmer v. Syntex Corp.*
   117 F.R.D. 641 (N.D. Cal. 1987) ...................................................................................... 11

*Yapuna v. Global Horizons Manpower Inc.*
   254 F.R.D. 407 (E.D. Wash. 2008) ................................................................................... 10

**Statutes**

Fed. R. Civ. P. 23(a) .............................................................................................. 9, 10, 11

Fed. R. Civ. P. 23(b) ....................................................................................................... 12

Fed. R. Civ. P. 23(c) .................................................................................................. 13, 14

Fed. R. Civ. P. 23(e) .................................................................................................... 2, 14

**Other Authorities**

Alba Conte and Herbert Newberg, *Newberg on Class Actions* (4th Ed.) ..................... 2, 13

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC        iii

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Practice and Procedures*
 § 1778 (2d ed 1986) .................................................................................................... 12

Federal Judicial Center, *Moore's Federal Practice: Manual for Complex Litigation* 3d (1997)...... 2

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                                          iv

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA  94111
TEL. 415-788-4220 • FAX 415-788-0161

I.   **INTRODUCTION**

Plaintiffs Anthony Frey and James Hewett ("Plaintiffs") have negotiated a $1.125 million settlement (the "Settlement") of the claims they make on their own behalf and on behalf of a putative class of persons ("Class Members" or the "Class") who (1) entered into a contract with 3PD, Inc. ("3PD") to perform delivery services for 3PD either on his or her own behalf or on behalf of an entity; and (2) provided such services for 3PD by making or arranging deliveries to customers of The Home Depot, Inc. ("Home Depot") in the State of Washington during the period April 24, 2005 through the date on which the Court grants preliminary approval of the Settlement (the "Class Period"). Declaration of Miranda P. Kolbe in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, Conditional Certification of the Settlement Class, and Approval of Form and Method of Class Notice ("Kolbe Decl.") ¶¶3, 12.

The proposed Settlement will resolve the claims of Plaintiffs and all members of the proposed Class. Plaintiffs and Defendant have signed a Stipulation and Settlement Agreement of Class Action Claims dated October 15, 2010, which was concurrently filed with the Court.

Plaintiffs' counsel believe this is an excellent recovery given: (i) the risk that the Court might not certify the proposed Class for litigation purposes; (ii) the risk that the Class Members might be found to be independent contractors, thereby nullifying their claims against 3PD; (iii) the risk that, even assuming the Class Members were found to be employees, 3PD could be found not to have violated Washington overtime laws and/or statutes governing deductions from ongoing wages and from wages upon termination; (iv) the likely appeals and subsequent proceedings necessary were the Class to prevail at trial; and (v) the substantial and immediate benefits the Class Members will receive from the Settlement. Kolbe Decl. ¶¶10, 14.

The proposed Settlement Class is appropriate for conditional certification for settlement purposes under federal law. As discussed below, there are questions of law and fact common to the Settlement Class, the Settlement Class is so numerous that joinder of all members is impracticable, Plaintiffs' claims are typical of the claims of the Settlement Class, and Plaintiffs and their counsel will fairly and adequately protect the interest of the Settlement Class. Moreover, the questions of law and fact common to the Settlement Class Members predominate over questions

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                                - 1-

**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

1  affecting individual members and a class action is superior to other available methods for fairly
2  and efficiently adjudicating the controversy.

3      This motion and memorandum request that the Court: (i) preliminarily approve the
4  proposed $1.125 million Settlement; (ii) conditionally certify the Settlement Class for settlement
5  purposes; (iii) set a hearing to consider final approval of the Settlement and an award of attorneys'
6  fees and expenses and incentive awards; and (iv) authorize the form and manner to be sent to Class
7  Members, advising them of the Settlement, the matters described above, and their rights with
8  regard to these matters.

9      Plaintiffs' counsel have also separately submitted a proposed Order Preliminarily
10 Approving Class Action Settlement, Conditionally Certifying Settlement Class, and Approving
11 Form and Method of Class Notice.

12 **II.   PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

13     **A.   Legal Standards for Preliminary Approval**

14     Approval of a proposed class action settlement under Fed. R. Civ. P. 23(e) is a two-step
15 process. First, counsel submit the proposed terms of settlement and the Court makes a preliminary
16 determination of fairness. Upon preliminary approval, the Court directs that notice be given to the
17 class members of the proposed settlement, and sets a formal fairness hearing for consideration of
18 whether the proposed settlement is fair, reasonable and adequate. *See* Federal Judicial Center,
19 *Moore's Federal Practice: Manual for Complex Litigation* 3d, § 30.41 (1997). This motion for
20 preliminary approval of the Settlement is the first step in the Court's two-step approval process.

21     The law favors settlement, particularly in class actions and other complex cases in which
22 substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation.
23 *See* Alba Conte and Herbert Newberg, *Newberg on Class Actions* (4th ed.), Settlement of Class
24 Actions § 11.41, p. 87 (citing cases); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th
25 Cir. 1992), *cert. den.* 506 U.S. 953 (1992); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950
26 (9th Cir. 1976).

27     Rule 23 of the Federal Rules of Civil Procedure requires court approval of any class action
28 settlement. Fed. R. Civ. P. 23(e); *see also Officers for Justice v. Civil Serv. Comm. of the City and*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF
FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                                - 2-

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA  94111
TEL. 415-788-4220 • FAX 415-788-0161

*Cnty. of S. F.*, 688 F.2d 615, 623-624 (9th Cir. 1982); *Collins v. Thompson*, 679 F.2d 168, 172 (9th Cir. 1982); *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1344 (9th Cir. 1980).  Rule 23 recognizes that "the very essence of a settlement is a compromise, a 'yielding of absolutes and an abandoning of highest hopes.'"  *Officers for Justice*, 688 F.2d at 624 (internal citations omitted).  At a hearing for preliminary approval of a class settlement, the Court's determination is limited to whether a proposed settlement is within the range of possible approval, (*i.e.,* if, in general, the settlement seems likely to meet the requirements that it be fair, adequate, and reasonable).  *Armstrong v. Bd. of Sch. Dir.*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds, Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).  This Court need not conduct a full-blown fairness analysis at this juncture; instead, it need only determine, by reference to traditional fairness standards, if the settlement appears fair enough to warrant notifying the class members of its proposed terms and proceeding with a fairness hearing.  *Id.*; *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Torrisi v. Tuscan Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993), *cert. denied*, 512 U.S. 1220 (1993); *Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 575-576 (9th Cir. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Phila. Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

The Court must scrutinize the proposed Settlement Agreement "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  *Officers for Justice*, 688 F.2d at 625.  "When parties submit the proposed terms of a class settlement to the court for a preliminary fairness evaluation, preliminary approval should be granted and notice of the proposed settlement given to the class if there are no obvious deficiencies in the proposed settlement."  *In re Medical X-Ray Film Antitrust Litig.*, 1997 WL 33320580, at *6 (E.D.N.Y., Dec. 26, 1997).

The proposed Settlement fully satisfies the requirements for preliminary approval.  The Settlement is the product of highly contested litigation between the parties.  Plaintiffs and Plaintiffs' counsel have concluded that the Settlement is fair, adequate and reasonable, and is in the best interest of the Settlement Class.  Kolbe Decl. ¶14.  Plaintiffs and Plaintiffs' counsel believe

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                            - 3-

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA  94111
TEL. 415-788-4220 • FAX 415-788-0161

the $1.125 million Settlement will result in an excellent recovery for the Settlement Class. *Id.* Plaintiffs' counsel identified between 73 and 79 Class members as of December 2008, based upon 3PD's production of documents and information in this case. *Id.* at ¶15. There are likely additional Class members who provided services to 3PD by making or arranging deliveries for Home Depot stores in Washington starting on or after January 2009. Assuming that the Settlement Class includes 79 Class Members, each of whom submits a Claim Form, Plaintiffs' counsel estimate that after deduction of administrative costs and attorneys' fees, expenses and incentive awards, the Settlement Class Members will receive average awards in excess of approximately $8,000. *Id.* Since the Settlement Fund is non-reversionary, the average awards may also increase based upon the claims rate. *Id.* at ¶12. Plaintiffs' counsel believe this is an excellent recovery given: (i) the risk that the Court might not certify the proposed Class for litigation purposes; (ii) the risk that the Settlement Class Members might be found to be independent contractors[1], thereby nullifying their claims against 3PD; (iii) the risk that, even assuming the Class Members were found to be employees, 3PD could be found not to have violated Washington overtime laws and/or statutes governing deductions from ongoing wages and from wages upon termination; (iv) the likely appeals and subsequent proceedings necessary were the Class to prevail at trial; and (v) the substantial and immediate benefits the Class Members will receive from the Settlement. Kolbe Decl. ¶¶10, 14.

### B.   Summary of the Litigation

The Action was originally filed by plaintiff Anthony Frey on April 23, 2008. *Id.* at ¶2. On May 27, 2008, Defendant answered the complaint, filed a counterclaim against plaintiff Anthony Frey, and filed a third party complaint against Outback Delivery, LLC. *Id.* at ¶4. Plaintiff Anthony Frey and Outback Delivery, LLC moved to dismiss the counterclaim and third party complaint, and on July 21, 2008 the Court dismissed the counterclaim and upheld Defendant's

---

[1] With respect to the risk that the Class members could ultimately be found to be independent contractors, Plaintiffs and their counsel are mindful of the recent decision, *Ruiz v. Affinity Logistics Corp.*, 697 F.Supp.2d 1199 (S.D. Cal. March 22, 2010), in which, after a bench trial, certain delivery drivers were found to be independent contractors.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                                  - 4 -

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

third party complaint for indemnification against Outback Delivery, LLC. *Id.* Outback Delivery, LLC answered Defendant's third party complaint on July 31, 2008. *Id.* On May 1, 2009, plaintiff Anthony Frey amended his Complaint, adding James Hewett as an additional plaintiff. *Id.* at ¶5. On May 14, 2009, Defendant answered the amended complaint, filed a counterclaim against plaintiff James Hewett, and added a third party complaint against Jambo Transit, LLC. *Id.* at ¶7. Outback Delivery answered the amended third party complaint on July 2, 2009. On August 16, 2009, plaintiff James Hewett moved to dismiss the counterclaim, and that motion was granted on November 3, 2009. *Id.*

On October 9, 2009, Plaintiffs filed a motion to certify the Class and the Court heard oral arguments on the motion on February 17, 2010. *Id.* at ¶8. Prior to filing that motion, Plaintiffs' counsel had conducted substantial discovery related to the classification of Plaintiffs and the Class Members as independent contractors, as well as discovery related to Defendant's potential liability under Plaintiffs' statutory and common law claims. *Id.* at ¶9. Plaintiffs' formal discovery included numerous sets of document requests yielding production of over 140,000 pages of documents, requests for admission and interrogatories, as well as depositions of key 3PD managers and third party witnesses. *Id.* In addition, Plaintiffs' counsel conducted substantial informal discovery, including interviews of numerous class members, former 3PD managers, and other percipient witnesses, as well as review of documents and transcripts filed in other litigation and administrative hearings involving defendant 3PD.[2] *Id.*

Plaintiffs also responded to substantial discovery requests from 3PD, including document requests yielding production of approximately 11,000 pages of documents by Plaintiffs, requests for admission and interrogatories, as well as the depositions of both Anthony Frey and James Hewett. *Id.*

On January 20, 2010, the parties engaged in settlement negotiations during mediation before an experienced third-party mediator, Eric Lindauer, Esq. *Id.* at ¶11. Although the

---

[2] In support of their motion for class certification, Plaintiffs not only submitted attorney declarations, but also the declarations of eight Class Members and one former 3PD manager.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                                      - 5 -

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

mediation was not successful, the parties continued their arms'-length negotiations with the help of Mr. Lindauer and ultimately reached agreement on a settlement terms sheet, which has been supplemented and memorialized in the Settlement Agreement.

### C. Summary of the Terms of the Proposed Settlement

In full settlement of the Released Claims, Defendant will pay a total of $1,125,000 into a non-reversionary common fund for the benefit of the Class (the "Settlement Fund"). *Id.* at ¶12. The Settlement Fund in this Action has four components: (1) the Settlement Awards; (2) the incentive awards; (3) the fee and expense award; and (4) the administration costs. *Id.*

If the Court grants preliminary approval of the Settlement, 3PD will provide to Rust Consulting, Inc. (the "Settlement Administrator") a Class Member address list as well as information regarding the weeks during which each Class Member made or arranged deliveries for Home Depot stores in the State of Washington and the amount of deductions from each Class Member's settlement pay during those weeks. Settlement Agreement ¶50.

Within twenty-eight (28) days after entry of the Preliminary Approval order, the Settlement Administrator shall send a copy of the Notice of Settlement of Class Action (the "Notice") and Claim Form in the form approved by the Court to all Class Members, by first-class mail. *Id.* at ¶51. The Notice shall include instructions on how to object to or opt-out of the Settlement, the proposed attorneys' fees and expenses, and/or the proposed incentive awards, as well as the deadline for so objecting or opting out of the Settlement. *Id.* at ¶52. The Claim Form shall include instructions on how to submit the Claim Form, and shall notify Class Members of the deadline to submit a claim. *Id.* at ¶51.

The Settlement Administrator shall also cause a copy of the Notice, a sample Claim Form, the Settlement Agreement (excluding exhibits), and the Court's order granting Preliminary Approval to be posted on the Settlement Website. *Id.*

Any Notices returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within three (3) days following receipt of the returned mail. *Id.* For any Notices returned to the Settlement Administrator without a forwarding address,

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                              - 6-

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

1  the Settlement Administrator shall conduct one address search using a credit database and shall re-
2  mail the Notices to the newly-found addresses within three days of identifying the newly-found
3  address. *Id.* Class Members who receive re-mailed Notices shall be provided an additional seven
4  (7) calendar days after the original Claims Deadline to mail their Claim Form. *Id.*

5  Fifteen (15) days before the Claims Deadline, the Settlement Administrator shall mail to
6  every Class Member from whom it has not then received a Claim Form, by first-class mail, a
7  postcard reminder stating that it has not received a Claim Form from that Class Member and
8  reminding the Class Member of the need to mail a Claim Form to the Claims Administrator prior
9  to the Claims Deadline in order to participate in the Settlement Agreement. *Id.*

10  If the Court preliminarily approves the Settlement, at the Final Approval Hearing, Plaintiffs
11  and Plaintiffs' counsel will seek the Court's approval of distribution of the Settlement Fund after
12  the payment of (i) the administration costs, (ii) the fee and expense award and (iii) the incentive
13  awards, to Settlement Class Members who submit a timely claim form ("Authorized Claimants").
14  *Id.* at ¶¶56-57. The Settlement Fund will be distributed to the Authorized Claimants on a *pro rata*
15  basis based upon the deductions taken from their respective settlement checks during the weeks
16  that each provided delivery services for 3PD in the State of Washington by making or arranging
17  deliveries for Home Depot stores. *Id.* Specifically, the Settlement Administrator shall: (1) use
18  information provided by Defendant to determine the total deductions from each Authorized
19  Claimant's settlement compensation during the weeks that each Authorized Claimant provided
20  services for Defendant by making or arranging deliveries for Home Depot stores in the State of
21  Washington during the Class Period; (2) add together all of the individual Authorized Claimants'
22  total deductions to arrive at "Total Deductions" for all Authorized Claimants; and (3) then divide
23  each Authorized Claimant's total deductions by the Total Deductions, in order to determine a
24  "Percentage Share" of the Total Deductions for each Authorized Claimant. Each Authorized
25  Claimant shall be entitled to receive a Settlement Award equal to his or her Percentage Share
26  multiplied by the portion of the Settlement Fund remaining after payment of all administration
27  costs, and the fee and expense award and incentive awards that have been approved by the Court.
28  *Id.*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                              - 7 -

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

Thus, for example, if an Authorized Claimant's total deductions taken during the Class Period was $52,000, and the Total Deductions for all Authorized Claimants equaled $5,000,000, the Settlement Administrator would divide $52,000 by $5,000,000 to determine that Authorized Claimants Percentage Share. If, after the payment of all administration costs, and the fee and expense award and incentive awards, $650,000 remained in the Settlement Fund, the exemplar Authorized Claimant would be entitled to a Settlement Award equaling 1.04% of $650,000 or $6,760.

### D. The Proposed Settlement Falls Well Within the Appropriate Range and Warrants Preliminary Approval by the Court

It is established in the Ninth Circuit that "voluntary conciliation and settlement are the preferred means of dispute resolution." *Officers for Justice,* 688 F.2d at 625. It is beyond question that "[t]here is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits." *Van Bronkhorst,* 529 F.2d at 950 (footnote omitted); *In re Pac. Enter. Sec. Litig*., 47 F.3d 373, 378 (9th Cir. 1995).

As discussed above, the purpose of the Court's preliminary evaluation of the proposed Settlement is to determine whether it is within the range of possible approval so that notices of the proposed Settlement should be sent to the members of the Class. Following the formal notice to the Class, the Court will proceed with a formal fairness hearing regarding the proposed Settlement. *Armstrong,* 616 F.2d at 314.

The description of the proceedings set forth above establishes that the proposed Settlement is well within the appropriate range and merits preliminary approval. Due to their extensive work in both formal and informal discovery, and researching and briefing the myriad legal issues involved, Plaintiffs and Plaintiffs' counsel were fully aware of the strengths and weaknesses of the case when they entered into the proposed Settlement. Kolbe Decl. ¶9. Plaintiffs and Plaintiffs' counsel respectively submit that the proposed Settlement is fair, reasonable and, in fact, constitutes an excellent recovery for the Class. The Settlement provides a substantial, certain and immediate benefit for the Class, and avoids the attendant risks of trial and any appeals therefrom. *Id.* at ¶¶10, 15.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC - 8 -

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

This case was vigorously litigated and 3PD was represented by highly qualified and experienced counsel. *Id.* at ¶9. Plaintiffs' counsel conducted extensive class and merits discovery, including review of approximately 140,000 pages of documents, and responses to interrogatories and requests for admission, as well as depositions of key 3PD personnel and third party witnesses. *Id.* Plaintiffs' counsel also conducted extensive informal discovery, including interviewing numerous Class Members and former 3PD managers, as well as reviewing court records from other litigation that included claims that 3PD misclassified its drivers. *Id.* These extensive efforts have resulted in the Settlement. In this case, Plaintiffs' counsel diligently and efficiently investigated Plaintiffs' claims, drafted the complaint, investigated witnesses, successfully defeated Defendant's counterclaims against Plaintiffs, and conducted substantial formal and informal discovery. In addition, the parties had fully briefed Plaintiffs' motion for class certification, and the Court had already held a hearing on that motion at the time this Settlement was reached. Plaintiffs' counsel's lodestar exceeds $1,000,000. *Id.*

### E. Conditional Certification of the Settlement Class Is Appropriate

#### 1. The Requirements of Rule 23(a) Are Satisfied

To be certified as a class action, a case must meet the four prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a); *Freedman v. Louisiana-Pac. Corp.*, 922 F.Supp. 377, 398 (D. Or. 1996). The Class should be certified for the purposes of this Settlement because the Class meets all requirements for class certification under applicable law.

Plaintiff requests that the following Class be certified for purposes of settlement:

> All individuals who (i) entered into a contract with 3PD to perform delivery services for 3PD either on his or her own behalf or on behalf of an entity; and (ii) provided such services for 3PD by making or arranging deliveries to customers of The Home Depot, Inc. in the State of Washington during the period April 24, 2005 through the date on which the Court grants preliminary approval of the Settlement.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                    - 9-

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA  94111
TEL. 415-788-4220 • FAX 415-788-0161

           **i.**      **There Are Questions of Law and Fact Common to the Class**

The commonality requirement is met if there are questions of law and fact common to the class. *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent legal factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class"). Here, the Class Members share common legal and factual questions related to whether their classification by 3PD as "independent contractors" is proper under Washington law. Resolution of this overarching legal issue would require examination of a common set of facts to determine whether 3PD retains the amount of control over the Class Members' work that is practicable under the circumstances, in accordance with *Baxter v. Morningside, Inc.*, 10 Wash.App. 893, 521 P.2d 946 (1974). Similarly, all Class Members allege that, during the Class Period, they were misclassified as "independent contractors" by 3PD and are owed certain wages and compensation from 3PD, including: (i) overtime wages for overtime hours worked at 3PD in Washington; (ii) compensation for uniforms wrongfully deducted from their wages by 3PD; and (iii) compensation for certain 3PD business expenses wrongfully deducted from their wages by 3PD. All Class Members seek similar legal remedies under Washington's wage and hour laws. Under these circumstances, the commonality requirement of Rule 23(a) is satisfied. *Hanlon*, 150 F.3d at 1019-20.

           **ii.**     **The Class Is So Numerous that Joinder of All Members Is Impracticable**

The numerosity requirement is met if the class is so large that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). "Generally a class of 40 or more members will meet the numerosity requirement." *Garrison v. Asotin Cnty.*, 251 F.R.D. 566 (E.D. Wash. 2008); *see also Yapuna v. Global Horizons Manpower Inc.*, 254 F.R.D. 407 (E.D. Wash. 2008) (proposed class of 70 agricultural workers met the numerosity requirement). Here, 3PD has identified at least 73 Class Members. Kolbe Decl. ¶15. Joinder of these Class Members would be impractical.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC   - 10-

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

### iii. The Claims of the Representative Plaintiffs Are Typical of the Claims of the Class

Fed. R. Civ. P. 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The typicality requirement is met if the claims of the named representatives are typical of those of the class, although "they need not be substantially identical." *See Hanlon*, 150 F.3d at 1020. Some degree of individuality is to be expected, and such specificity does not necessarily defeat typicality. *Id.* "[A] plaintiff's claim is typical if it arises out of the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

Plaintiffs are members of the Class. The claims of the named representatives in this case are typical of the claims of the entire Class because they arise from the same factual basis and are based on the same legal theories as those applicable to the Class Members. *See Welmer v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987). Factual differences may exist between the class representatives and the class members so long as the claims arise from the same events or course of conduct and are based on the same legal theories. *Hanlon*, 150 F.3d at 1020; *see also Welmer*, 117 F.R.D. at 644. Plaintiffs, like all Class members, allege that they were misclassified as "independent contractors" by 3PD and are owed certain wages and compensation from 3PD. Plaintiffs' claims are thus typical of those of the Class.

### iv. The Representative Plaintiffs and Their Counsel Will Fairly and Adequately Protect the Interests of the Class

Under Fed. R. Civ. P. 23(a)(4), the representatives of the class must fairly and adequately protect the interests of the class. The adequacy requirement is met if the named representatives and their counsel have no interests adverse to the interests of the proposed class members and are committed to vigorously prosecuting the case on behalf of the class. *Hanlon*, 150 F.3d at 1020; *see also Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Those standards are met here. Plaintiffs' interests in prosecuting this case and obtaining the most beneficial recovery possible fully comport with the interests of the class members. *See Hanlon*,

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC - 11-

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

1  150 F.3d at 1021.  Both Plaintiffs worked as contract drivers for 3PD and were classified as
2  independent contractors, as were all other Class Members.  Further, Plaintiffs have complied with
3  their discovery obligations and provided valuable deposition testimony.  Kolbe Decl. ¶9.
4  Moreover, any Class Member who wishes to "opt out" of the Settlement may do so.  *See Hanlon*,
5  150 F.3d at 1021.  There is therefore no conflict of interest between Plaintiffs and the Class
6  Members.

7  In addition, throughout this litigation, Plaintiffs and Plaintiffs' counsel have demonstrated
8  their commitment to vigorously prosecuting the case on behalf of the Class.  *See* Kolbe Decl. ¶9.
9  Here, the parties engaged in the "traditional discovery" of employment litigation, including
10 document productions and depositions.  Kolbe Decl. ¶9; *Hanlon*, 150 F.3d at 1022.  They did not
11 commence settlement negotiations until substantial discovery had been completed.  Kolbe Decl.
12 ¶9.  Plaintiffs also retained competent attorneys with extensive experience in the prosecution of
13 class actions similar to those brought here.  The adequacy requirement is therefore satisfied.

14          **2.      Certification Under Rule 23(b)(3) Is Appropriate**

15 Class certification is authorized where common questions of law and fact predominate over
16 individual questions and where class-wide treatment of a dispute is superior to individual
17 litigation.  Fed. R. Civ. P. 23(b)(3).  "Rule 23(b)(3) focuses on the relationship between the
18 common and individual issues. 'When common questions present a significant aspect of the case
19 and they can be resolved for all members of the class in a single adjudication, there is clear
20 justification for handling the dispute on a representative rather than on an individual basis.'"
21 *Hanlon*, 150 F.3d at 1022 (*quoting* 7A Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *Fed.*
22 *Practice and Procedures*, § 1778 (2d ed. 1986) ("[T]he proper standard under Rule 23(b)(3) is a
23 pragmatic one").  *See Clark v. Bonded Adjustment Co., Inc.*, 204 F.R.D. 662, 666 (E.D. Wash.
24 2002) ("Predominance does not require that common issues take up more than half of the total
25 time at trial; rather, it is a "'pragmatic' inquiry into whether there is a "'common nucleus of
26 operative facts' to each class member's claim").  These requirements are satisfied here.

27
28

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF
FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                    - 12-

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA  94111
TEL. 415-788-4220 • FAX 415-788-0161

i.  **Questions of Law and Fact Common to Class Members Predominate Over Questions Affecting Individual Members**

The test regarding predominance is whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Hanlon*, 150 F.3d at 1022. The proposed settlement class in this case is sufficiently cohesive because a settlement has been reached and the liability issues 3PD raised in its opposition will not need to be adjudicated. Thus, all Class Members share a "common nucleus of facts and potential legal remedies." *Id.* Specifically, all of the proposed Class Members seek overtime pay available under Washington law for work performed for delivery services for 3PD and other certain wages and compensation owed to them by 3PD for such services. Moreover, the Settlement Class Members' potential legal remedies are identical. *See Smith v. Cardinal Logistics Mgmt. Corp.*, 2008 WL 4156364, *9 (N.D. Cal. Sep. 5, 2008); *see also Chun-Hoon v. McKee Foods Corp.*, 2006 WL 3093764, at *2-4 (N.D. Cal. Oct. 31, 2006).

ii.  **A Class Action Is Superior to Other Available Methods for Fairly and Efficiently Adjudicating the Controversy**

Class resolution is superior to other available methods for the fair and efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The superiority requirement involves a "comparative evaluation of alternative mechanisms of dispute resolution." *Id.* Here, as in *Hanlon*, the alternative methods of resolution are individual claims for a relatively small amount of damages. *See id.* These claims "would prove uneconomic for potential plaintiffs" because "litigation costs would dwarf potential recovery." *Id.* As a result, a class settlement is the preferred method of resolution of this action.

F.  **The Proposed Class Notice Satisfies Due Process and Should Be Approved**

The proposed Notice is attached as Exhibit A to the Proposed Order Preliminarily Approving Class Action Settlement, Conditionally Certifying Settlement Class, and Approving Form and Method of Class Notice, filed concurrently herewith. The Notice advises the Class of the status of the case and provides the essential terms of the proposed Settlement. The proposed Notice also describes the procedure for objecting to or opting out of the Settlement, how to submit a Claim Form, and provides specifics on the date, time and place of the Final Approval Hearing.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                          - 13-

**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

1    The Notice fulfills the requirement of neutrality in class notices. *See Newberg*, Notice, §8.39, pp. 282-286. The Notice summarizes the proceedings to date and the terms and conditions of the Settlement in an informative, coherent manner, in compliance with Federal Rule of Civil Procedure 23(c)(2)(B)'s mandate that the notice should explain the settlement "concisely and clearly . . . in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B). The Notice clearly states that the Settlement does not constitute an admission of liability by 3PD, and recognizes that the Court has not ruled on the merits of the action. It also states that the final decision regarding settlement approval has yet to be made. Accordingly, the Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. Fed. R. Civ. P. 23(c)(2) and 23(e).

The proposed notice procedure constitutes the best notice practicable. The Settlement Administrator will mail the Notice directly to all of the Class Members at their last known addresses. The Settlement Administrator will take steps to locate any Class Members whose notice is returned as undeliverable and provide them with the Notice. In addition, the Settlement Administrator will create a settlement website, which will include a copy of the Stipulation of Settlement, the Notice and a Claim Form. In short, the proposed notice procedures enable Class Members to exercise their rights and make an informed decision regarding their view as to the fairness, adequacy and reasonableness of the proposed Settlement, fulfilling the requirements of adequate notice. *See, e.g., Torrisi*, 8 F.3d at 1374.

Finally, the proposed notice period, which provides that objections and requests to opt-out of the Settlement may be filed within forty-five (45) days from the date the Notice will be mailed, is appropriate and sufficient prior to the Final Approval Hearing. *See Torrisi*, 8 F.3d at 1374-75 (31 days more than sufficient because "class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement").

## III.   CONCLUSION

For all of the foregoing reasons, Plaintiffs and Plaintiffs' counsel request an order: (i) preliminarily approving the proposed $1.125 million Settlement; (ii) conditionally certifying the Class; (iii) setting a hearing to consider final approval of the Settlement and to consider Plaintiffs'

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                          - 14 -

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161

counsel's request for an award of attorneys' fees, expenses and incentive awards; and (iv) authorizing the form and manner of notice to be sent to Class Members advising them of the Settlement, the matters described above, and their rights with regard to these matters.

DATED this 18th day of October, 2010

SCHUBERT JONCKHEER & KOLBE LLP

By:      /s/ Miranda P. Kolbe
         Miranda P. Kolbe
         Robert C. Schubert

Email: mkolbe@schubertlawfirm.com
Email: rschubert@schubertlawfirm.com
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone:    (415) 788-4220
Facsimile:    (415) 788-0161

**Beth E. Terrell, WSBA #26759**
Email: bterrell@tmdlegal.com
TERRELL MARSHALL & DAUDT PLLC
3600 Fremont Avenue North
Seattle, WA 98103
Telephone:    (206) 816-6603
Facsimile:    (206) 816-6605

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF FORM AND METHOD OF CLASS NOTICE
No. C-08-0630-JCC                                     - 15-

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Ctr., #1650
San Francisco, CA 94111
TEL. 415-788-4220 • FAX 415-788-0161